UNITED STATES COURT OF APPEALS
TENTH CIRCUIT
**Filed 8/20/96**

|  |  |
|---|---|
| MARTIN JOSEPH ZIMMER,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>JOHN K. BORK, Assistant Attorney<br>General; GERALD ZIMMER,<br>Auctioneer; WILLIAM LUDWIG,<br>County Attorney; THOMAS M.<br>TUGGLE, District Judge; DOUGLAS<br>DAUGHTERY, Mitchell County<br>Sheriff,<br><br>    Defendants-Appellees. | No. 95-3337<br>(Dist. of Kansas)<br>(D.C. No. 95-CV-3380) |

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Martin Joseph Zimmer appeals the district court's dismissal of his civil rights action under 42 U.S.C. § 1983.[1] Zimmer brought suit against several participants in the criminal investigation and prosecution that resulted in his convictions of robbery and deprivation of property. Zimmer alleged violations of his Sixth, Eighth, and Fourteenth Amendment rights occurring during the course of the investigation and prosecution.

The district court construed Zimmer's Complaint as a petition for a writ of habeas corpus seeking relief from the alleged denial of a fair and impartial trial. It held that Zimmer had not exhausted his state remedies and so his habeas action was premature. Moreover, it concluded that his civil action against an assistant

---

[1]The district court denied Zimmer's motion to proceed *in forma pauperis*. We hereby grant that motion and reach the merits of Zimmer's complaint. The President, however, recently signed into law amendments to 28 U.S.C. § 1915(b)(1), which now require inmates to make partial payment of court fees when possible. Zimmer filed his notice of appeal on October 12, 1995. The President signed the "Prison Litigation Reform Act of 1995" on April 26, 1996. *Green v. Nottingham*, No. 96-511, 1996 WL 384762, at *1, *6 (10th Cir. July 10, 1996). On this basis, we do not apply the new provisions of section 1915(b)(1). *See Edens v. Hannigan*, No. 94-3352, 1996 WL 339763, at *1 n.1 (10th Cir. June 20, 1996) (concluding that provisions of the "Antiterrorism and Effective Death Penalty Act of 1996" did not apply to noncapital habeas appeal filed before the President signed the Act); *see also Green*, No. 96-511, 1996 WL 584762, at *6 (applying *in forma pauperis* provisions of the "Prison Litigation Reform Act of 1995" to a mandamus petition filed after the President signed the Act).

attorney general, a county attorney, a district court judge, and the county sheriff for their participation in the criminal investigation and proceedings against him was barred because these state actors enjoyed absolute immunity. Finally, the district court held that Zimmer's claim against his own father must fail because as a witness at trial, he is absolutely immune from a civil rights suit based upon his testimony.

On appeal, Zimmer asserts vaguely that the district court exceeded its jurisdiction by dismissing his Complaint. He asserts that he did not seek relief from his confinement. Rather, he alleges a number of violations of his constitutional rights that took place at his trial and which denied him a fair and impartial trial. As we are required, we read Zimmer's Complaint liberally, as either a section 1983 claim or a section 2254 petition. Concerning the section 1983 claim, we affirm the dismissal for substantially the reasons stated by the district court in its Memorandum and Order. Moreover, we conclude that the district court was correct to construe Zimmer's Complaint as actually seeking habeas relief and affirm for the reason stated by the district court: Zimmer has not exhausted all available state remedies as he is required by 28 U.S.C. § 2254.

The district court is thus AFFIRMED and Zimmer's Complaint is hereby

DISMISSED.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge